UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL RODRIGUEZ, individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiffs,<br><br>v.<br><br>URS MIDWEST, INC., a Delaware corporation; UNITED ROAD SERVICES, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02365-JWH-SPx<br><br>**ORDER ON MOTION OF ISRAEL RODRIGUEZ TO REMAND [ECF No. 10]** |

## I. INTRODUCTION

Before the Court is the motion to remand filed by Plaintiff Israel Rodriguez.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons discussed below, the Court **DENIES** the Motion.

## II. BACKGROUND

On April 2, 2019, Rodriguez filed his putative class action Complaint in San Bernardino County Superior Court.[2] On June 12, 2019, Rodriguez filed a First Amended Complaint.[3] Rodriguez alleges that Defendants failed to comply with various provisions of the California Labor Code.[4] On December 6, 2019, Defendant URS Midwest, Inc. served discovery responses identifying that "approximately 299" employees were "covered employees" during the relevant time period.[5]

On November 10, 2020, Defendants removed this action to federal court.[6] Defendants base their removal on 28 U.S.C. § 1332(d),[7] which provides district courts with original subject matter jurisdiction over class actions in which (1) the amount in controversy exceeds $5,000,000; (2) there are at least 100 proposed class members; and (3) any member of the class "is a citizen of a State different from any defendant."

Defendants allege that they determined that this action was removable based upon the allegations in the FAC *and* their own records. For example, with

---

[1]  Pl.'s Notice of Mot. and Mot. to Remand (the "Motion") [ECF No. 10].
[2]  Compl. (the "Complaint") [ECF No. 1-1].
[3]  First Am. Compl. (the "FAC") [ECF No. 1-1].
[4]  *See generally* FAC.
[5]  Decl. of Orlando Villalba in Supp. of the Motion ¶ 6 [ECF No. 10-1] & Ex. A [ECF No. 1-1].
[6]  Notice of Removal [ECF No. 1].
[7]  *See id.* at ¶ 2.

respect to Rodriguez's claim for unpaid minimum wages, Defendants explain that they calculated the amount in controversy as follows:

> Based on URS Midwest's records of hire and separation dates, the Driver Class was employed for at least 21,919 weeks between January 31, 2017, and the present. Assuming that each class member worked only one hour of off-the-clock time in each of these weeks, and assuming an average minimum wage over the class period of $11.59 per hour, this claim would place approximately $254,041.21 in controversy. Because Plaintiff also seeks liquidated damages under California Labor Code § 1194.2 (see FAC ¶ 66), which provides for liquidated damages equal to the amount of unpaid minimum wages, the amount in controversy is effectively doubled to $508,082.42. (21,919 weeks x 1 hour/week $11.59/hour x 2 = $508,082.42.)[8]

Similarly, Defendants explain their calculation of the amount in controversy for the missed-meal-periods claim as follows:

> Based on URS Midwest's hours of service logs maintained under Federal Motor Carrier Safety Act (FMCSA) regulations, and URS Midwest's records maintained for fuel tax reporting under the International Fuel Tax Agreement (IFTA), the Driver Class worked approximately 63,684 days in California during the class period. The average hourly rate of pay for truck driver class members during the class period was approximately $25.64 per hour. Accordingly, using 63,684 as the number of meal period premiums in controversy and $25.64 as the value of each meal period premium, this claim places $1,632,857.76 in controversy. (63,684 days x $25.64 =

---

[8] Notice of Removal 4:24-5:5 (footnote omitted).

$1,632,857.76.) And even if meal period violations occurred at a rate of only 60%, this claim would still place $979,714.66 in controversy. (63,684 days x $25.64 x 60% = $979,714.66.)[9]

Defendants perform similar calculations for other categories of damages, and they arrive at a total amount in controversy of between $6,391,911.05 and $8,024,768.80, which is composed of the following: (1) unpaid minimum wages ($508,082.42); (2) meal period claim ($979,714.66 to $1,632,857.76); (3) rest period claim ($979,714.66 to $1,632,857.76); (4) wage statement penalties ($633,000.00); (5) waiting time penalties ($1,279,322.10); (6) unreimbursed expenses ($733,695.00); and (7) attorneys' fees ($1,278,382.21 to $1,604,953.76).[10]

On December 10, 2020, Rodriguez filed the instant Motion. In his Motion, Rodriguez does not dispute that the diversity or amount in controversy requirements have been met, but, rather, he contends that Defendants failed to remove this action in a timely manner.[11]

### III. LEGAL STANDARD

"The removal statutes generally require a party to remove a case within 30 days of receiving the complaint." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237 (9th Cir. 2014). "The statutes provide an exception to this rule: 'if the case *stated by the initial pleading* is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Id.* (quoting 28 U.S.C. § 1446(b)(3)) (emphasis in original).

---

[9] *Id.* at 6:16-25 (footnote omitted).
[10] *Id.* at 11:4-21.
[11] *See generally* Motion.

-4-

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). "Thus, the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal." *Id.* "If no ground for removal is evident in that pleading, . . . the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained *from the face of the document* that removal is proper." *Id.* (citing 28 U.S.C. § 1446(b)) (emphasis added). "[D]efendants need not make extrapolations or engage in guesswork," but they must "'apply a reasonable amount of intelligence in ascertaining removability.'" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).

"Once defendant is on notice of removability, the thirty-day period begins to run." *Harris*, 425 F.3d at 697. "[A] defendant who has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013).

## IV.  DISCUSSION

The parties do not dispute that the amount in controversy requirement is met nor that the parties are minimally diverse; they agree that this Court has subject matter jurisdiction *if* Defendants' removal was timely. Rodriguez contends, however, that Defendants failed to file within the statutory deadline. *See* 28 U.S.C. § 1446. As Rodriguez notes, Defendants did not remove the

action until well after a year had passed from the filing of the Complaint or the FAC.[12]

Defendants argue that the 30-day removal clock did not begin to run with the filing of either the Complaint or the FAC because both were "indeterminate" regarding the amount in controversy, and Defendants were therefore "entitled to remove the case 'at any time.'"[13]  *See Rea*, 742 F.3d at 1238 ("as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30–day time period never starts to run and the defendant may remove at any time"); *see also Roth*, 720 F.3d at 1125 ("even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document").

Rodriguez responds that the pleadings "provide a basis for Defendants to ascertain removability."[14]  With respect to the amount in controversy, Rodriguez notes that "the pleadings indicate that there are at least 101 class members"[15] and that the Complaint and the FAC state that "'Plaintiff's share of damages, penalties, and other relief sought in this action does not exceed $75,000.'"[16]  According to Rodriguez, Defendants were "on notice" regarding the amount in controversy because they could have multiplied "$74,999 by 101 class members" to arrive at an amount in controversy of 7,574,899.[17]

---

[12]   *See, e.g.*, Motion at 1:3-15.
[13]   Defs.' Opp'n to the Motion at 12:1-9 [ECF No. 13].
[14]   Motion at 5:17-18.
[15]   *Id.* at 6:20-21.
[16]   *Id.* at 6:21-23 (quoting Compl. ¶ 1; FAC ¶ 2).
[17]   *Id.* at 6:23-26.

Rodriguez's argument does not withstand scrutiny. The pleadings state that Rodriguez's share of damages does ***not*** exceed $74,999. This allegation does not provide information regarding other class members' share of damages, nor does it preclude Rodriguez's damages from being substantially less than $74,999.

The calculations that Defendants perform are significantly more complicated than "[m]ultiplying figures clearly stated in a complaint." *Kuxhausen*, 707 F.3d at 1140. Rather, Defendants presumably had to research relevant figures based upon their own information to derive the estimated amount that they alleged in the Notice of Removal. In adopting its "objective baseline rule," the Ninth Circuit sought to avoid "the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." *Harris*, 425 F.3d at 697. Because Defendants relied on their own knowledge and investigation to estimate the amount in controversy, the Court finds that the removal is timely.

## V. CONCLUSION

For the foregoing reasons, Rodriguez's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 27, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE